IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PEARLINE RICHARDSON and LEON RICHARDSON, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 15-03167 |
| WAL-MART STORES, INC D/B/A WAL-MART STORE NO. 294; WAL-MART STORES EAST, LP D/B/A WAL-MART STORE NO. 294; WAL-MART STORES TEXAS, LP D/B/A WAL-MART STORE NO. 294; WAL-MART STORES TEXAS, LLC D/B/A WAL-MART STORE NO. 294; and ANITA BIAS, | § § § § § § § § § § | |
| Defendants. | § | |

_____

**PLAINTIFFS' FIRST AMENDED COMPLAINT**
_____

Plaintiffs make the allegations in this complaint based on personal knowledge and upon an investigation of counsel which included, among other things, interviews with witnesses and review of documents.

**I.
Parties**

1. Plaintiff Pearline Richardson is a Texas resident who resides in Washington County, Texas.

2. Plaintiff Leon Richardson is a Texas resident who resides in Washington County, Texas.

3. Defendant Anita Bias is Texas resident who, upon information and belief, resides in Washington County, Texas. She may be served at her usual place of business, Wal-Mart Store No. 294, 1712 East Washington Avenue in Navasota, Grimes County, Texas.

4. Defendant Wal-Mart Stores, Inc. is a Delaware corporation which has appeared in this case.

5. Defendant Wal-Mart Stores East, LP is a Delaware limited partnership which has appeared in this case.

6. Defendant Wal-Mart Stores Texas, LP is a limited partnership of unknown citizenship which has appeared in this case.

7. Defendant Wal-Mart Stores Texas, L.L.C. is a Delaware limited liability company which has appeared in this case.

## II.
## Jurisdiction and Venue

8. Plaintiffs dispute that there is subject matter jurisdiction in this federal court due to the fact that there is no diversity of citizenship pursuant to 28 U.S.C. §1332.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district, as described in the facts section of this complaint. Specifically, Mrs. Richardson was injured in Wal-Mart Store No. 294 in this district.

## III.
## Facts Supporting Plaintiffs' Claims and Causes of Action

10. On or about July 1, 2015, Pearline Richardson was shopping in Wal-Mart Store No. 294, located at 1712 East Washington Avenue in Navasota, Grimes County, Texas. Her husband, Plaintiff Leon Richardson, was waiting for Mrs. Richardson outside of the store in the family vehicle.

11. Prior to Mrs. Richardson's arrival to the area, an employee of Wal-Mart, upon information and belief Defendant Anita Bias, discovered a bottle of baby shampoo, specifically Parent's Choice Wash & Shampoo (UPC no. 68113105155, item no. 55125708), spilled on the floor of Store No. 294 in the women's apparel department.

12. Mrs. Bias picked up the bottle from the floor. Mrs. Bias did not clean up the slippery substance (shampoo) which had spilled onto Wal-Mart's tile floor. Although the shampoo was almost impossible to discern as it existed on Wal-Mart's floor, Mrs. Bias did not mark the spill or attempt in any way to warn Wal-Mart shoppers of its existence. Instead, Mrs. Bias left the scene of the spill and returned the bottle of baby shampoo to its place on Wal-Mart's shelf. Without the bottle on the floor to indicate that there may be a spill nearby, Wal-Mart shoppers like Mrs. Richardson were left without any warning that the clear liquid awaited them. Removing the bottle from the scene of the spill made the spilled baby shampoo less discernible and more dangerous to unsuspecting Wal-Mart shoppers.

13. After Mrs. Bias left with the bottle, Mrs. Richardson arrived at the scene of the spill. Mrs. Richardson did not see the spilled baby shampoo on the Wal-Mart floor as she continued her shopping. Upon reaching the spill, Mrs. Richardson slipped in the shampoo, lost her balance, and fell, striking her head in the process. Mrs. Richardson suffered severe damages as a direct result of her fall and continues suffering to this day.

## IV.
## Causes of Action

14. Plaintiffs incorporate the allegations contained in the preceding paragraphs here.

15. **Negligent Undertaking**. On or about July 1, 2015, Anita Bias undertook to perform services that she knew or should have known were necessary for the protection of patrons of Wal-Mart such as Plaintiff Pearline Richardson. Specifically, Mrs. Bias identified and

began to pick up what she knew or should have known was a dangerous spill on the floor of Wal-Mart Store No. 294. Mrs. Bias failed to exercise reasonable care in picking up the spill. In removing the bottle of baby shampoo from the scene of the fall, Mrs. Bias made the spill less conspicuous to Mrs. Richardson. Because Mrs. Bias did not clean up or mark the spill, but instead left the scene with the bottle, she made the spill more dangerous for Mrs. Richardson. Mrs. Bias's unreasonable actions increased Mrs. Richardson's risk of harm and proximately caused Mrs. Richardson's injuries. Therefore, Mrs. Bias's negligence makes her independently liable to Mrs. Richardson.

16.   **Respondeat Superior**. Anita Bias was an employee of the defendant Wal-Mart entities (collectively "Wal-Mart") on or about July 1, 2015. Anita Bias was acting within her scope of her employment with Wal-Mart when her negligent undertaking proximately caused Mrs. Richard's injuries. Wal-Mart is therefore liable for Mrs. Bias's negligent undertaking pursuant to the doctrine of respondeat superior.

17.   **Premises Liability**. As the owner and/or operator of Wal-Mart Store No. 294 on or about July 1, 2015, Wal-Mart constituted the possessor of the store's premises. Mrs. Richardson was a patron of Wal-Mart Store No. 294 on or about July 1, 2015 and entered the store at the express or implied invitation of Wal-Mart. She therefore constituted an invitee to whom Wal-Mart owed a duty of ordinary care, including the duty to keep the premises in reasonably safe condition for invitees, the duty to inspect the premises to discover latent defects, and the duty to warn about or make safe any dangerous condition Wal-Mart knows of or should know of. Wal-Mart had actual and constructive knowledge of a condition on its premises on or about July 1, 2015, i.e. spilled baby shampoo. The condition posed an unreasonable risk of harm to invitees of Wal-Mart such as Mrs. Richardson. Wal-Mart did not exercise reasonable care to reduce or eliminate the risk associated with the condition. Wal-Mart's failure to exercise

reasonable care to reduce or eliminate the risk associated with the condition proximately caused Mrs. Richard's injuries.

18. **Loss of Consortium and Loss of Household Services**. As described above, Defendants' acts and/or omissions proximately injured Plaintiff Pearline Richardson. At all relevant times, Plaintiff Leon Richardson was the legal spouse of Plaintiff Pearline Richardson. As a result of his spouse's physical injuries at the hands of Defendants, Plaintiff Leon Richardson was damaged in the form of loss of consortium and loss of household services.

## V.
## Damages

19. Plaintiff Pearline Richardson seeks damages for her physical pain and mental anguish, loss of earning capacity, disfigurement, physical impairment, and medical care expenses, all of which were proximately caused by the acts and/or omissions of Defendants.

20. Plaintiff Leon Richardson seeks damages for the loss of consortium and household services of his legal spouse, Plaintiff Pearline Richardson, all of which were proximately caused by the acts and/or omissions of Defendants.

## VI.
## Jury Trial Demand

21. Plaintiffs hereby demand a trial by jury for their claims.

## VII.
## Prayer

For these reasons, Plaintiffs respectfully request that the Court enter judgment against Defendants for actual damages, prejudgment interest, costs of suit and all other relief the Court deems appropriate.

Respectfully submitted,

WARE, JACKSON, LEE, O'NEILL, SMITH & BARROW, LLP

_____/s/ *Paul W. Smith*_____
Paul W. Smith
State Bar No. 18662700
Southern District Bar No. 12587
paulsmith@warejackson.com
2929 Allen Parkway, 39th Floor
Houston, Texas 77019-7100
Telephone: (713)659.6400
Facsimile: (713)659.6262
**ATTORNEY IN CHARGE FOR PLAINTIFF, PEARLINE RICHARDSON**

**OF COUNSEL:**

Avery N. Sheppard
State Bar No. 24088403
Southern District Bar No. 2200210
averysheppard@warejackson.com
WARE, JACKSON, LEE, O'NEILL, SMITH & BARROW, LLP
2929 Allen Parkway, 39th Floor
Houston, Texas 77019-7100
Telephone: (713)659.6400
Facsimile: (713)659.6262

Fred Davis
State Bar No. 05567500
fdavis@davisdavislaw.com
DAVIS & DAVIS
2900 Trophy Dr.
P.O. Box 3610
Bryan, TX 77805
Telephone:  (979) 776.9551
Facsimile: (979) 776.2712

## CERTIFICATE OF SERVICE

I certify that on March 10, 2016, Plaintiff's First Amended Complaint was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorney in charge for Defendants:

John A. Ramirez
BUSH & RAMIREZ, P.L.L.C.
5615 Kirby Drive, Suite 900
Houston, Texas 77005
Telephone: (713)626.1555
Facsimile: (713)622.8077
Jramirez.atty@bushramirez.com

      /s/ *Avery N. Sheppard*
Avery N. Sheppard