United States District Court
Southern District of Texas
**ENTERED**
June 16, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PEARLINE and LEON RICHARDSON, § | |
| § | |
| *Plaintiffs*, § | |
| § | |
| v. § | CIVIL ACTION H-15-3167 |
| § | |
| WAL-MART STORES TEXAS, LLC, *et al*. § | |
| § | |
| § | |
| *Defendants*. § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Pearline and Leon Richardson's (collectively, "Plaintiffs") motion for remand. Dkt. 24. Having considered the motion, related briefing, oral argument, and applicable law, the court is of the opinion that the motion should be GRANTED and the case should be REMANDED to the 506th Judicial District Court of Grimes County, Texas.

**I. BACKGROUND**

On September 16, 2015, Pearline Richardson ("Richardson") commenced an action in the 506th Judicial District Court of Grimes County, Texas, in which she sought personal injury damages resulting from a slip-and-fall that occurred on July 1, 2015, in defendant Wal-Mart Stores Texas, LLC's ("Wal-Mart") store. Dkt.1, Ex. A. On October 28, 2015, Wal-Mart removed the suit to this court based on diversity jurisdiction. Dkt. 1. On March 10, 2016, Richardson filed an amended complaint, joining her husband as a co-plaintiff and a Wal-Mart employee, Anita Bias ("Bias"), as a defendant. Dkt. 22. The amended complaint raises a negligent undertaking claim against Bias and a premises liability claim against Wal-Mart. Dkt. 22. In their amended complaint, Plaintiffs contend that Bias breached the duty of care she owed to Richardson when she discovered a spilled bottle of

shampoo on the Wal-Mart floor but failed to properly clean up the spill. *Id*. Richardson alleges that Bias removed the bottle of shampoo but did not mark the area or otherwise identify the spill, leaving the spill more difficult to identify and more dangerous than before. *Id*. On the same day that Plaintiffs filed their amended complaint, they filed a motion to remand, arguing that Bias's joinder destroys the court's diversity jurisdiction. Dkt. 24. On May 31, 2016, the court heard oral argument on Plaintiffs' motion. The motion has been fully briefed and is now ripe for disposition.

## II. LEGAL STANDARD AND ANALYSIS

A party may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441 (2012). The party seeking removal bears the burden of establishing federal jurisdiction. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). This statutory right to removal is strictly construed because "removal jurisdiction raises significant federalism concerns." *Id.* (citations omitted). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

In opposition to remand, Wal-Mart raises three arguments: (1) Bias was improperly joined; (2) even if properly joined, Bias is diverse; and (3) if Bias is non-diverse, the court should exercise its discretion under *Hensgens* to prohibit Plaintiffs from joining her.

### A.   Improper Joinder

#### 1.   Legal Standard

A case may be removed despite the presence of a non-diverse defendant if that defendant was joined improperly, without a legal basis to do so. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). The removing party bears the heavy burden of demonstrating improper joinder. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). "Improper joinder can be established in two ways:

2

(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013) (alteration omitted). In this case, Wal-Mart asserts only the second basis for improper joinder, which focuses on whether the plaintiff has asserted a valid state law cause of action against the non-diverse defendant. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)(en banc). To determine whether the non-diverse defendant was improperly joined, the court asks "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*.

The *Smallwood* court established the procedure for determining if joinder was proper for a non-diverse defendant, declaring that "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. The court further concluded that "if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* In keeping with *Smallwood*, the Fifth Circuit recently confirmed that the district court applies the federal 12(b)(6) pleading standard to judge the sufficiency of the plaintiff's complaint for the purposes of the improper joinder analysis. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 205 (5th Cir. 2016) (clarifying that the pleading standard in removal cases should be the federal 12(b)(6) standard, applied to the relevant state law claims).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "A claim

3

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. As part of the *Twombly-Iqbal* analysis, the court proceeds in two steps. First, the court separates legal conclusions from well-pled facts. *Iqbal*, 556 U.S. at 678–79. Second, the court reviews the well-pled factual allegations, assumes they are true, and then determines whether they "plausibly give rise to an entitlement to relief." *Id.* at 679.

**2. Analysis**

Plaintiff alleges a negligent undertaking claim against Bias. Dkt. 22. A defendant is liable for negligent undertaking if the defendant (1) undertook to perform services that it knew or should have known were necessary for the plaintiff's protection; (2) the defendant failed to exercise reasonable care in performing those services; and, (3) either the plaintiff relied on the defendant's performance or the defendant's performance increased the plaintiff's risk of harm. *Custom Transit, L.P. v. Flatrolled Steel, Inc.*, 375 S.W.3d 337, 363 (Tex. App.— Houston [14th Dist.] 2012, pet. denied).

The parties primarily dispute whether Bias owed a duty of care to Richardson. Texas law is clear that an employee can be held individually liable for negligent conduct resulting in injury. *See Crooks v. Moses*, 138 S.W.3d 629, 637 (Tex. App.— Dallas 2004, pet. denied) ("In other words, if one undertakes to make the premises safe for others, he or she owes a duty to use due care."). Further, Texas law "recognize[s] that a duty to use reasonable care may arise when a person undertakes to provide services to another, either gratuitously or for compensation." *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837 (Tex. 2000).

However, Wal-Mart argues, citing *Leitch v. Hornsby*, that Bias may be individually liable for actions within the scope of her employment only if Bias owed a duty of care to Richardson independent from the employer's duty. *See* 935 S.W.2d 114 (Tex. 1996). The comparison to *Leitch* is unpersuasive. In *Leitch*, the Supreme Court of Texas held that corporate officers and directors would not be held individually liable to an injured employee because there was no connection between the corporate officer's behavior and the injury sustained by the employee. *Id*. at 118. Unlike the defendant in *Leitch*, Bias was personally involved in the conduct that allegedly contributed to Richardson's injury. Furthermore, there is no employer-employee relationship between Plaintiffs and Defendants like in *Leitch*. Therefore, the reasoning in *Leitch* is inapplicable to this case.

Wal-Mart has also cited several cases involving contractual relationships between the parties. *See Jones v. Pesak Bros. Constr., Inc.*, 416 S.W.3d 618, 631 (Tex. App.— Houston[1st Dist.] 2013, no pet.) (finding no individual duty owed because alleged behavior was defined in contract between plaintiff and defendant)*; Tex. Specialty Trailers, Inc. v. Jackson & Simmen Drilling Co.*, No. 2-07-228-CV, 2009 WL 2462530, at *4 (Tex. App.— Fort Worth Aug. 13, 2009, pet. denied) (limiting defendant's liability to the contractual agreement between plaintiff and defendant); *Dukes v. Philip Johnson/Alan Ritchie Architects, P.C.*, 252 S.W.3d 586, 602 (Tex. App.— Fort Worth 2008, pet. denied) (finding no individual duty owed because the alleged behavior fell within the terms of the contract between plaintiff and defendant). These cases are distinguishable. In this case, there is no privity of contract between Bias and Plaintiffs. Wal-Mart has cited no Texas case law that suggests that an employment contract limits liability for negligent behavior towards customers. To the contrary, "[a] corporation's employee is personally liable for tortious acts which he directs or participates in during his employment." *Leyendecker & Assocs. Inc. v. Wechter*, 683 S.W.2d 369,

375 (Tex. 1984); *see also Walker v. Anderson*, 232 S.W.3d 899, 918 (Tex. App.— Dallas 2007, no pet.) (affirming general rule in Texas that corporation's employees are liable for tortious acts); *Graham Land & Cattle Co. v. Indep. Bankers Bank*, 205 S.W.3d 21, 32 (Tex. App.— Corpus Christi 2006, no pet.) ("[A]n employee who commits, directs or participates in a tortious act while acting within the scope of his employment is personally liable for those acts."). The court finds nothing in *Leitch* or its progeny to suggest a deviation from the general rule that an employee is personally liable for tortious conduct in which she participates during the course of employment, provided she owes a legal duty to the person bringing a claim against her. The court finds that under Texas law Bias owed a duty to Richardson.

In their amended complaint, Plaintiffs allege facts which plausibly raise a right to relief above the speculative level. Namely, Plaintiffs allege that Bias removed the shampoo bottle from the scene of the spill, undertaking a service that Bias knew or should have known was necessary for Richardson's protection. Dkt. 22 ¶ 12. Furthermore, Plaintiffs allege that removing the bottle but not marking the area was a failure to exercise reasonable care because the bottle was the only visual indication of the spill. *Id.* Therefore, Bias's actions increased Richardson's risk of harm. Dkt. 22 ¶ 15. This court finds the well-pled facts meet the 12(b)(6) pleading standard. Because Wal-Mart has not met its heavy burden of proving improper joinder, the court finds that Bias was properly joined.

**B.     Bias's Citizenship**

Wal-Mart next argues that, even if Bias is properly joined, she is a diverse party and her joinder does not destroy the court's subject matter jurisdiction. Dkt. 28 at 8. Bias was a Texas resident until she moved to Louisiana on February 8, 2016, approximately six months after the initial filing of this lawsuit and one month before Richardson amended her complaint to join Bias. Dkt. 28,

Ex. A ¶ 5. Bias stated that she intends to remain in Louisiana, establishing domicile. Dkt. 28, Ex. A ¶ 9. Plaintiffs argue that Bias was a Texas citizen at the time of the initial filing of this lawsuit and therefore a Texas citizen for the purposes of this litigation. Therefore, because Plaintiffs are also Texas citizens, Bias's joinder destroys the court's subject matter jurisdiction. Dkt. 24 ¶ 1.

By contrast, Wal-Mart argues that Bias was a citizen of Louisiana at the time she was joined to this lawsuit and therefore is a Louisiana citizen for the purposes of this litigation. Therefore, Wal-Mart argues, Bias is diverse, and her joinder does not destroy the court's subject matter jurisdiction.

The Federal Courts Jurisdiction and Venue Clarification Act of 2011 states "[a]n action or prosecution commenced in State court and removed to Federal court shall be deemed to commence on the date the action or prosecution was commenced, within the meaning of State law, in State court." Pub. L. No. 112-63, § 105, 125 Stat. 758, 762 (2011). In order to determine Bias's citizenship, the court must determine when the action "commenced" with respect to Bias under Texas law.

   1. *Noland* **Analysis**

Plaintiffs rely primarily on *Noland v. Energy Resources Technology, Inc.*, arguing that commencement under Texas law begins at the initial filing and is not "recommenced" when new parties are added. *See* No. 3:12-CV-00330, 2013 WL 177446, at *3 (S.D. Tex. Jan. 16, 2013)(Costa, J.). The *Noland* court sought to define "commencement" under Texas law in order to determine the application of a newly enacted statute. *Id.* at *1. To answer the question, the *Noland* court looked primarily to recent Texas state court decisions and the Texas Rules of Civil Procedure and concluded "that an action commences under Texas law when the lawsuit is filed." *Id.*

7

The court in *S & P Consulting Engineers, PLLC* reached the same conclusion when considering the applicability of a new statute: "[a]n action commences when the original petition is filed" and "does not recommence with the filing of an amended petition even if that petition names a new defendant for the first time." *S & P Consulting Engineers, PLLC v. Baker*, 334 S.W.3d 390, 394 (Tex. App.— Austin 2011, no pet.)(en banc).

The *Noland* and *S & P* courts primarily reviewed the Texas Rules of Civil Procedure to reach their conclusions. Both courts considered Texas Rule of Civil Procedure 22, which states: "[a] civil suit in the district or county court shall be commenced by petition filed in the office of the clerk." *Id*. at 396 (quoting Tex. R. Civ. P. 22). In addition, both courts construed Rule 37, which allows additional parties to be brought into the suit, to "indicat[e] that these new parties are being added to an action that has already commenced." *Id*. Likewise, the courts quoted Rule 38, which allows a defending party to join as a third party plaintiff at "any time *after commencement of the action*." *Id*. (quoting Tex. R. Civ. P. 38(a)). The *Noland* and *S & P* courts concluded that the plain language of these rules make clear that "commencement" is a single event, unaffected by the addition of new parties.

**2.** ***Benavides* Analysis**

Wal-Mart relies on *Benavides v. Sun Loan Partnership No. 3, Ltd.* to argue that commencement of an action begins with respect to the newly added party when that party is included in the action. *See* No. 2:13-CV-00084, 2013 WL 2458625 (S.D. Tex. June 6, 2013) (Ramos, J.). *Benavides* relied in part on a Supreme Court of Texas case which sought to determine, for the purposes of statute of limitations tolling, when an action "commenced" with respect to a newly added party. *See Alexander v. Turtur & Assocs., Inc.*, 146 S.W.3d 113 (Tex. 2004). In *Alexander*, the court held that "ordinarily, an amended pleading adding a new party does not relate back to the

8

original pleading." *Id*. at 121. The *Benavides* court held that a "suit is 'commenced' at the time the original pleading is first filed in a court of competent jurisdiction *unless* there are special circumstances that prevent the relation-back, such as the addition of a new party." *Benavides*, 2013 WL 2458625, at *4 (emphasis added). These decisions suggest that the addition of a new party "commences" an action with respect to that party. Therefore, contrary to *Noland*, an action may be "commenced" more than once.

However, *Benavides* answered a more specific question than the one posed here. Specifically, the court considered "commencement" relative to a newly added party in order to determine that party's compliance with the 30-day time period for removal. Unlike in *Benavides*, the issue presented here is more straight forward: how does Texas law define the commencement of an action. Because the concerns about a party losing a right to tolling of a deadline are not present in this case, the considerations of *Benavides* and *Alexander* are less relevant. Therefore, the comprehensive review of the Texas Rules of Civil Procedure found in *Noland* provides a more persuasive analysis. The plain language of the Texas Rules of Civil Procedure suggests that commencement under Texas law is a singular date, unaffected by the addition of parties.

Further, the court recognizes that there is a genuine dispute in the case law over the meaning of "commencement," and the court is conscious that it must resolve such disputes in favor of remand. *See Gasch*, 491 F.3d at 281 ("[A]ny doubt about the propriety of removal must be resolved in favor of remand.") Therefore, the court finds that Bias was a Texas citizen at the time of "commencement" and therefore is a Texas citizen for the purposes of this litigation. Accordingly, Bias is a non-diverse party whose joinder will destroy the court's subject matter jurisdiction.

### C. *Hensgens* Factors

Where a plaintiff seeks to join an additional defendant after removal whose joinder would destroy the court's subject matter jurisdiction, "the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e)(2012). "The decision between these two options rests squarely within the discretion of the district court." *Martinez v. Holzknecht*, 701 F. Supp. 2d 886, 888–89 (S.D. Tex. 2010) (Hacker, J.). However, "[t]he district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). In *Hensgens*, the Fifth Circuit identified four factors for the district court to consider in deciding the joinder question: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction," (2) "whether plaintiff has been dilatory in asking for amendment," (3) whether plaintiff will be significantly injured if amendment is not allowed," and (4) "any other factors bearing on the equities." *Id*. The court will address each factor in turn.

#### 1. Whether the purpose of the amendments is to defeat federal jurisdiction

In analyzing the first *Hensgens* factor, courts consider "whether the plaintiff knew or should have known the identity of the non-diverse defendant when the state court complaint was filed" and whether the plaintiff states a valid claim against the non-diverse defendant. *Gallegos v. Safeco Ins. Co. Of Ind.*, No. 09-CV-2777, 2009 WL 4730570, at *3–4 (S.D. Tex. Dec. 7, 2009) (Rosenthal, J.) (citations omitted). Courts have found that a plaintiff's possession of a valid claim suggests that the purpose of a proposed amendment is not to defeat diversity. *Id*. at *4. "However, where a plaintiff knew or should have known the identity of the nondiverse defendant at the time of the lawsuit's original filing in state court, many courts have viewed this scenario with much suspicion and have

suggested and/or determined that a plaintiff's effort was, in fact, to frustrate diversity jurisdiction." *Martinez*, 701 F. Supp. 2d at 889.

As discussed above, this court has determined that a valid claim exists against Bias. At oral argument, Wal-Mart focused its argument on Richardson's knowledge of Bias's involvement at the time she filed her state court complaint.

Defendants did not present any persuasive argument that Richardson knew or should have known of Bias's involvement at the time of filing in state court. At oral argument, Wal-Mart asserted that Richardson and Bias have known each other for 50 years and suggested that Richardson likely recognized Bias's voice on the day of her injury. Neither assertion, even if true, is compelling enough to indicate beyond speculation that Richardson was aware, or should have been aware, of Bias's connection to her accident. Plaintiffs moved to add Bias only after discovery revealed that Bias was involved in Richardson's accident. Dkt. 22. Because Plaintiffs likely have a viable claim against Bias and there is no indication Plaintiffs were aware of Bias's involvement at the time the state court action was filed, the first *Hensgens* factor weighs in favor of permitting joinder of Bias.

2. **Whether plaintiff has been dilatory in asking for amendment**

In analyzing the second *Hensgens* factor, "courts often look to the amount of time between the original state court action and the request to amend, and the time between removal and the request." *Lowe v. Singh*, 10-CV-1811, 2010 WL 3359525, at *3 (S.D. Tex. Aug. 23, 2010) (Werlein, J.). In general, a plaintiff is not dilatory in seeking to amend his complaint where no trial or pre-trial dates are scheduled and no significant activity beyond the pleading stage has occurred. *Gallegos*, 2009 WL 4730570, at *4. The analysis is different, however, when the proposed amendment would add a non-diverse defendant after removal and therefore defeat diversity jurisdiction. *Id*. In that situation, a delay in making the request to amend of two months after filing

11

the original complaint or thirty days after the notice of removal has been found dilatory. *Id*; *see also Wein v. Liberty Lloyds of Tex. Ins. Co.*, No. 15-CV-19, 2015 WL 1275915, at *6 (W.D. Tex. Mar. 19, 2015) (noting that courts have found similar delays dilatory, especially where the plaintiff knew of the non-diverse defendant's role in the case at the time of filing in state court and yet failed to sue that defendant).

Richardson filed her state court action on September 16, 2015; the case was removed to this court on October 28, 2015; and Richardson amended her complaint, adding Bias as a defendant, on March 10, 2016. Dkt. 1, Ex. A; Dkt. 22. The amendment was in direct response to Wal-Mart's initial disclosures, submitted on February 15, 2016, which named Bias as the employee directly involved in Richardson's accident. Dkt. 16. Here, the gap between Richardson learning of Bias's identity and the subsequent amendment to add Bias is less than one month. There is no indication in the record that Richardson knew of Bias's role earlier in the case and yet failed to sue her. Based on the circumstances, the court finds that Richardson was not dilatory, and therefore the second *Hensgens* factor weighs in favor of permitting joinder of Bias.

3. **Whether plaintiff will be significantly injured if amendment is not allowed**

In analyzing the third *Hensgens* factor, courts ask "whether a plaintiff can be afforded complete relief in the absence of the amendment." *Lowe*, 2010 WL 3359525, at *3 (citation omitted). Therefore, "courts consider whether the already named diverse defendant would be unable to satisfy a future judgment." *Gallegos*, 2009 WL 4730570, at *5; *see also Wein*, 2015 WL 1275915, at *6 (finding that the third *Hensgens* factor weighed against joinder where there was no indication that the originally-sued defendant would be unable to satisfy a judgment). There is no dispute here that defendant Wal-Mart would be able to satisfy a judgment in Bias's absence.

Case 4:15-cv-03167   Document 46   Filed in TXSD on 06/16/16   Page 13 of 13

The court finds that Plaintiffs will not be significantly injured if joinder of Bias is disallowed. Therefore, the third *Hensgens* factor weighs against permitting joinder of Bias.

### 4. Other equitable factors

Under the fourth *Hensgens* factor, courts consider "any other factors bearing on the equities." *Hensgens*, 833 F.2d at 1182. At oral argument, Plaintiffs' counsel asserted that all relevant parties, with the exception of Bias, live in the immediate vicinity of Grimes County. Plaintiffs' counsel further asserted that Plaintiffs are in poor health, making travel to Houston difficult. Because of the convenience of a local Grimes County proceeding for Plaintiffs and witnesses, factors bearing on the equities weigh in favor of allowing joinder of Bias.

After a review of the *Hensgens* factors, three factors weigh in favor of allowing joinder, while one weighs against. Therefore, the *Hensgens* factors as a whole weigh towards allowing joinder. The court finds that Bias was properly joined, Bias is a Texas citizen for purposes of diversity jurisdiction, and that Bias's joinder should be permitted. Accordingly, Plaintiffs' motion to remand for lack of diversity of citizenship is GRANTED.

### III. Conclusion

Plaintiffs' motion for remand (Dkt. 24) is GRANTED. This case is REMANDED to the 506th Judicial District Court of Grimes County, Texas. All other pending motions are DENIED for want of jurisdiction.

Signed at Houston, Texas on June 16, 2016.

_____
Gray H. Miller
United States District Judge

13